**RICKEY IVIE**, **ESQ.** (SBN #76864)
rivie@imwlaw.com
**ELVIN I. TABAH, ESQ.** (SBN #286369)
etabah@imwlaw.com
**IVIE, McNEILL & WYATT**
444 S. Flower Street, Suite 1800
Los Angeles, California 90071
Tel.   (213) 489-0028
Fax   (213) 489-0552
Email:   rivie@imwlaw.com

Attorneys for **Defendants, COUNTY OF LOS ANGELES, and Sheriff's Deputy MOTON**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ARTHUR WEITZEL, | Case No. 15-CV-09328 PSG(JPRx) |
|---|---|
| Plaintiff, | |
| vs. | **ORDER RE STIPULATED PROTECTIVE ORDER** |
| COUNTY OF LOS ANGELES, a local public entity, Sheriff JIM MCDONNELL, individually and in his official capacity, Sheriff's Deputy MOTEN and DOES 1-10, | **Complaint Filed: 12/10/2015** |
| Defendants. | |

**ORDER**

Plaintiff ARTHUR WEITZEL and Defendants COUNTY OF LOS ANGELES and Deputy MOTON (erroneously sued as "Deputy MOTEN")(hereinafter "Defendants")  (collectively the "Parties") by and through their respective counsel of record, hereby stipulate and agree to the entry of a Stipulated Protective Order (hereinafter "Stipulation" or "Order") as follows:

1

**ORDER RE STIPULATED PROTECTIVE ORDER**

Discovery in this matter will necessarily involve the discovery of peace officer personnel records, evaluations and other related documents of a highly sensitive and or private nature.  The parties to this lawsuit, recognizing the sensitive nature of such records, stipulate to abide by the terms and conditions of this Protective Order.

1. The Parties, in the production or disclosure of documents in this case, may designate any document, thing material, testimony or other information derived therefrom that includes protectable information as "CONFIDENTIAL" under the terms of this Protective Order (collectively referred to as "Confidential Documents.")  Confidential documents include but are not limited to, personnel records, personal evaluations, disciplinary action, complaints or investigations of complaints concerning an event or transaction in which he or she participated or perceived and pertaining to the manner in which he or she performed his or her duties,

2. Confidential Documents do not include: (1) documents already lawfully in the possession of the party to whom which the Confidential Document is being produced; (2) documents available to the public; or (3) any document not described in paragraph 1, including, but not limited to policies and procedures of the Los Angeles County Sheriff's Department.

3. Attorneys for the parties shall personally secure and maintain the Confidential Documents in their possession.  The Confidential Documents are to be used only for the purposes set forth below and for no other purpose.

4. The Confidential Documents shall be used only in the preparation of this case, up to and including the completion of the judicial proceedings, including appeal.

5. This Stipulation shall remain in full force and effect until modified, superseded or terminated on the record by agreement of the parties hereto or by order of this Court. This stipulation shall not prejudice the right of any party herein to move the Court to amend this Order.

6. This Stipulation shall not operate as an agreement by any party to produce any or all documents and/or information demanded or requested by any other party during the course of discovery. This Stipulation shall not be construed as a waiver of the right to assert any objection to a discovery request or any objection to the admissibility of any document or evidence.

7. Confidential Documents shall not be shown, produced or otherwise disseminated to any member of the public, counsel who are not counsel of record in this case, reporters, or the media.

8. Any Confidential Document, if filed with the Court or if attached as an exhibit to a deposition or motion, shall be filed under seal after compliance with Local Rule 79-5.1 et seq. Absent a stipulation among the parties or court order with notice to all parties. If the contents of Confidential Documents are referred to or discussed during a deposition, the portion of the deposition that discusses the Confidential Documents shall be treated as a protected document hereunder.

9. The Parties recognize that one purpose of this stipulation is to minimize the dissemination of the Defendants' personnel records or their contents to third parties. Dissemination of the Confidential Documents during the pending judicial proceedings shall be limited to parties, counsel of the parties, the parties' witnesses during a deposition, staff of counsel, expert witnesses, mediators, settlement officers and the court. A court reporter may also be provided with the Confidential Documents but where it has been attached to a deposition and then the protected document must be under seal and clearly marked as "Confidential."

**ORDER RE STIPULATED PROTECTIVE ORDER**

10. Prior to any disclosure of any Confidential Document to any person referred to in Paragraph 9, such person shall be provided by counsel with a copy of this Protective Order and shall in writing state that he or she has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed writing.

11. The use of Confidential Documents disclosed in this litigation is strictly limited to use in this litigation, including but not limited to discovery, deposition(s), hearing(s), trial(s) or appeal(s) of the above-entitled action or preparation for discovery, deposition(s), deposition(s), hearing(s), trial(s) or appeal(s) of the above-entitled action. The use of Confidential Documents shall be consistent with the terms of this Stipulation.

12. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial "Confidential" documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual Confidential documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

13. At the conclusion of the legal proceedings in this matter each person who has received a copy of Confidential Documents (court personnel excluded) shall return all such Confidential Documents to the attorneys for the party who gave him/her the copy. All copies of the Confidential Documents must then be returned to the party who produced the Confidential Documents at issue.

14. Any and all electronic copies made of any Confidential Documents as described herein, shall be subject to each and every provision of this Stipulation.

15. The attorneys for the parties shall not cause or knowing permit disclosure of the contents of the Confidential Documents beyond the disclosure permitted under the terms and conditions of this Order.

16. Protected documents on this Order shall be clearly marked by means of a stamp or demarcation indicating "Confidential."

17. All designations of confidential material in this case must be made in good faith. Any party who either objects to any designation of confidentiality, or who, by contrast requests still further limits on disclosure (such as an in camera review in extraordinary circumstances), may serve upon counsel for the designating person or party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for the objecting party may seek appropriate relieve from the court in accordance with Local Rule 37.

18. Any party who violates this protective order may be subject to contempt and/or sanctions as the Court may deem appropriate upon notice and an opportunity to be heard (pursuant but not limited to FRCP 26 and or FRCP 37).

**IT IS SO ORDERED:**

Dated: December 5, 2016

_____
Jean P. Rosenbluth
United States Magistrate Judge